1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   JAMES HENRY, et al.,                    No. 2:17-cv-00067 KJM CMK

10                Plaintiffs,

11      v.                                  STATUS (PRETRIAL SCHEDULING)

12   NORCOLD, INC.,                         ORDER

13                Defendant.

14

15

16          An initial scheduling conference was held in this case on April 13, 2017.  C.

17   Joseph Ou appeared for plaintiffs; Gary Montgomery appeared for defendant.

18          Having reviewed the parties' Joint Status Report filed on April 6, 2017, and

19   discussed a schedule for the case with counsel at the hearing, the court makes the following

20   orders:

21   I.     SERVICE OF PROCESS

22          All named defendants have been served and no further service is permitted without

23   leave of court, good cause having been shown.

24   II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

25          The parties agree that **January 5, 2018** is the last day by which a party may seek

26   to amend the pleadings or join parties as a general matter.  No joinder of parties or amendments to

27   pleadings will be permitted without leave of court, good cause having been shown.  *See* Fed. R.

28   Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604 (9th Cir. 1992).

                                              1

III.   JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332.  Jurisdiction and venue are not disputed.

IV.   DISCOVERY

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall be completed by **May 8, 2017**.  All discovery shall be completed by **April 20, 2018**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.  While the assigned magistrate judge reviews proposed discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as discussed in more detail below.  In addition, while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, except that the magistrate judge may modify a discovery cutoff to the extent such modification does not have the effect of requiring a change to the balance of the schedule.

A.  Rule 26(f)(3)(C) Compliance

The parties will make reasonable efforts to preserve electronically stored information within their custody, possession, and control. The parties agree that they will produce electronically stored information in electronic format as .pdf files, with each page individually bates stamped and notated for confidentiality (if applicable), with certain metadata preserved, and in a means that is searchable. If producing electronically stored information in .pdf format is not reasonable or possible given the program used to create the information, the parties will meet and confer and agree to the appropriate electronic format in which to produce the electronically stored information.

B.  Rule 26(f)(3)(D) Compliance

The parties agree to a "clawback" arrangement whereby all trade secret, privilege, work product, and trial preparation objections are preserved and reserved in the event that such

2

1 documents are inadvertently produced. In the event of inadvertent disclosure of such

2 documentation, the parties shall follow the procedure set forth in Rule 26(b)(5)(B) to resolve

3 issues pertaining to such documentation.

4 V.     DISCLOSURE OF EXPERT WITNESSES

5          All counsel are to designate in writing, file with the court, and serve upon all other

6 parties the name, address, and area of expertise of each expert that they propose to tender at trial

7 not later than **May 18, 2018**.  The designation shall be accompanied by a written report prepared

8 and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **June 8,**

9 **2018**, any party who previously disclosed expert witnesses may submit a supplemental list of

10 expert witnesses who will express an opinion on a subject covered by an expert designated by an

11 adverse party, if the party supplementing an expert witness designation has not previously

12 retained an expert to testify on that subject.  The supplemental designation shall be accompanied

13 by a written report, which shall also comply with the conditions stated above.

14          Failure of a party to comply with the disclosure schedule as set forth above in all

15 likelihood will preclude that party from calling the expert witness at the time of trial.  An expert

16 witness not appearing on the designation will not be permitted to testify unless the party offering

17 the witness demonstrates: (a) that the necessity for the witness could not have been reasonably

18 anticipated at the time the list was proffered; (b) that the court and opposing counsel were

19 promptly notified upon discovery of the witness; and (c) that the witness was promptly made

20 available for deposition.

21          For purposes of this scheduling order, an "expert" is any person who may be used

22 at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which

23 include both "percipient experts" (persons who, because of their expertise, have rendered expert

24 opinions in the normal course of their work duties or observations pertinent to the issues in the

25 case) and "retained experts" (persons specifically designated by a party to be a testifying expert

26 for the purposes of litigation).  A party shall identify whether a disclosed expert is percipient,

27 retained, or both.  It will be assumed that a party designating a retained expert has acquired the

28 /////

1    express permission of the witness to be so listed.  Parties designating percipient experts must state

2    in the designation who is responsible for arranging the deposition of such persons.

3          All experts designated are to be fully prepared at the time of designation to render

4    an informed opinion, and give the bases for their opinion, so that they will be able to give full and

5    complete testimony at any deposition taken by the opposing party.  Experts will not be permitted

6    to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition

7    taken subsequent to designation.  All expert discovery shall be completed by **June 29, 2018.**

8    VI.    MOTION HEARING SCHEDULE

9          All dispositive motions, except motions for continuances, temporary restraining

10   orders or other emergency applications, shall be <u>heard no later than</u> **June 29, 2018.**[1]  The parties

11   may obtain available hearing dates by checking Judge Mueller's page on the court's website.

12         All purely legal issues are to be resolved by timely pretrial motions.  Local Rule

13   230 governs the calendaring and procedures of civil motions; the following provisions also apply:

14         (a)    The opposition and reply must be filed by 4:00 p.m. on the day due; and

15         (b)    When the last day for filing an opposition brief falls on a legal holiday, the

16   opposition brief shall be filed on the last court day immediately preceding the legal holiday.

17   Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to

18   the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651,

19   652-53 (9th Cir. 1994).

20         The court values the importance of training young attorneys.  The parties are

21   encouraged to consider assigning oral argument to a young attorney.  If a written request for oral

22   argument is filed before a hearing, stating an attorney of four or fewer years out of law school

23   will argue the oral argument, then the court will ordinarily hold the hearing, although the court's

24   schedule and calendar may require the hearing to be reset.  Otherwise, the court may find it

25   appropriate in some actions to submit a motion without oral argument.

26   /////

27

28
___
[1]  Note that this date may not correspond to a law and motion calendar date.

1        The court places a page limit of twenty (20) pages on all moving papers, twenty

2    (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases

3    must be made in writing at least fourteen (14) days prior to the filing of the motion.

4        Prior to filing a motion in a case in which the parties are represented by counsel,

5    counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the

6    contemplated motion and any potential resolution.  Plaintiff's counsel should carefully evaluate

7    the defendant's contentions as to deficiencies in the complaint and in many instances the party

8    considering a motion should agree to any amendment that would cure a curable defect.  Counsel

9    should discuss the issues sufficiently so that if a motion of any kind is filed, including for

10   summary judgment, the briefing is directed only to those substantive issues requiring resolution

11   by the court.  Counsel should resolve minor procedural or other non-substantive matters during

12   the meet and confer.  **A notice of motion shall contain a certification by counsel filing the**

13   **motion that meet and confer efforts have been exhausted, with a brief summary of meet and**

14   **confer efforts.**

15       The parties are cautioned that failure to raise a dispositive legal issue that could

16   have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off

17   date may constitute waiver of such issue.

18   VII.    SEALING

19       No document will be sealed, nor shall a redacted document be filed, without the

20   prior approval of the court.  If a document for which sealing or redaction is sought relates to the

21   record on a motion to be decided by Judge Mueller, the request to seal or redact should be

22   directed to her and not the assigned Magistrate Judge.  All requests to seal or redact shall be

23   governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the

24   discovery phase of litigation shall not govern the filing of sealed or redacted documents on the

25   public docket.  The court will only consider requests to seal or redact filed by the proponent of

26   sealing or redaction.  If a party plans to make a filing that includes material an opposing party has

27   identified as confidential and potentially subject to sealing, the filing party shall provide the

28   /////

1 opposing party with sufficient notice in advance of filing to allow for the seeking of an order of

2 sealing or redaction from the court.

3 VIII. FINAL PRETRIAL CONFERENCE

4       The Final Pretrial Conference is set for **October 19, 2018**, at 10:00 a.m. At least

5 one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial

6 Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to

7 attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the

8 case and equal authorization to make commitments on behalf of the client.

9       Counsel for all parties are to be fully prepared for trial at the time of the Final

10 Pretrial Conference, with no matters remaining to be accomplished except production of

11 witnesses for oral testimony. The parties shall confer and file a joint pretrial conference

12 statement by **September 28, 2018**. The provisions of Local Rule 281 shall apply with respect to

13 the matters to be included in the joint pretrial statement. In addition to those subjects listed in

14 Local Rule 281(b), the parties are to provide the court with the following:

15       - A plain, concise statement that identifies every non-discovery motion previously

16 tendered to the court and its resolution.

17       - A concise, joint list of undisputed core facts that are relevant to each claim.

18 Disputed core facts should then be identified in the same manner. The parties are reminded not to

19 identify every fact in dispute but only those disputed facts that are essential to the formulation of

20 each claim. Each disputed fact and undisputed fact should be separately numbered or lettered.

21 Where the parties are unable to agree on the core disputed facts, they should nevertheless list core

22 disputed facts in the above manner.

23       - Concise lists of disputed evidentiary issues that will be the subject of a party's

24 motion *in limine*, and whether the parties believe resolution of any of these motions will be

25 necessary before the first day of trial.

26       - Each party's points of law, which concisely describe the legal basis or theory

27 underlying their claims and defenses. Points of law should reflect issues derived from the core

28 /////

1  undisputed and disputed facts.  Parties shall not include argument with any point of law; the

2  parties may include concise arguments in their trial briefs.

3  - A joint statement of the case in plain concise language, which will be read to the

4  jury during voir dire and at the beginning of the trial.  The purpose of the joint statement is to

5  inform the jury what the case is about.

6  - The parties' position on the number of jurors to be impaneled to try the case.

7  Discovery documents to be listed in the pretrial statement shall not include

8  documents to be used only for impeachment and in rebuttal.

9  The parties are reminded that pursuant to Local Rule 281 they are required to

10  attach to the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they

11  propose to offer at trial.  After the name of each witness, each party shall provide a brief

12  statement of the nature of the testimony to be proffered.  The parties may file a joint list or each

13  party may file separate lists.  These list(s) shall not be contained in the body of the Final Pretrial

14  Conference Statement itself, but shall be attached as separate documents to be used as addenda to

15  the Final Pretrial Order.

16  Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed

17  alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for

18  plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be

19  marked "AA-ZZ".  However, if the amount of defendant exhibits exceeds "ZZ" exhibits shall be

20  then listed as AAA, BBB, CCC etc.  All multi-page exhibits shall be stapled or otherwise fastened

21  together and each page within the exhibit shall be numbered. The list of exhibits shall not include

22  excerpts of depositions to be used only for impeachment.  In the event that plaintiff(s) and

23  defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation

24  the exhibit is first identified.  The court cautions the parties to pay attention to this detail so that

25  all concerned, including the jury, will not be confused by one exhibit being identified with both a

26  number and a letter.  The parties are encouraged to consult concerning exhibits and, to the extent

27  possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-

28  1, JX-2.

7

1    The Final Pretrial Order will contain a stringent standard for the offering at trial of

2    witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the

3    standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a

4    party does not intend to offer will be viewed as an abuse of the court's processes.

5    Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy,

6    no later than 3:00 p.m. on the Friday before trial.

7    Failure to comply with Local Rule 281, as modified by this order, may be grounds

8    for sanctions.

9    The parties also are reminded that pursuant to Rule 16 of the Federal Rules of

10    Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the

11    formulation and simplification of issues and the elimination of frivolous claims or defenses; (b)

12    the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof

13    and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial Conference

14    Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[2]

15    A failure to do so may result in the imposition of sanctions which may include monetary

16    sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as

17    the court deems appropriate.

18    Concurrently with the filing of the Joint Final Pretrial Conference Statement,

19    counsel shall submit to chambers the word processable version of the Statement, in its entirety

20    (including the witness and exhibit lists) to:  kjmorders@caed.uscourts.gov.

21    IX.    MOTIONS *IN LIMINE*

22    All motions *in limine* must be filed in conjunction with the joint pretrial statement.

23    In most cases, motions *in limine* are addressed and resolved on the morning of the first day of

24    trial.  As noted above, the parties may alert the court at the final pretrial conference and in their

25    final pretrial statement that a particular motion or motions should be resolved earlier.  At the final

26    _____

27    [2]  "If the pretrial conference discloses that no material facts are in dispute and that the undisputed
facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose
of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.,* 770 F.2d 866, 868-

28    69 (9th Cir. 1985).

1  pretrial conference, the court will then set a briefing and hearing schedule on these motions *in*

2  *limine* as necessary.

3  The parties are reminded that a motion *in limine* is a pretrial procedural device

4  designed to address the admissibility of evidence. The court looks with disfavor upon

5  dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions

6  *in limine*.

7  X.    TRIAL SETTING

8  The jury trial is set for **December 3, 2018** at 9:00 a.m. The parties estimate a trial

9  length of approximately five (5) to seven (7) days. Trial briefs are due by **November 19, 2018**.

10  XI.    SETTLEMENT CONFERENCE

11  The parties wish to pursue settlement via private mediation at this time.

12  No settlement conference is currently scheduled. Private settlement mediation shall be completed

13  by **March 23, 2018**, and the parties shall inform the court of the status of their settlement efforts

14  by **April 6, 2018**.

15  In the event that a court settlement conference date or referral to the Voluntary

16  Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in

17  writing. Because the case will be tried to a jury, all parties should be prepared to advise the court

18  whether they will stipulate to the trial judge acting as settlement judge and waive disqualification

19  by virtue thereof.

20  Counsel are instructed to have a principal with full settlement authority present at

21  any Settlement Conference or to be fully authorized to settle the matter on any terms. Each judge

22  has different requirements for the submission of settlement conference statements; the appropriate

23  instructions will be sent to you after the settlement judge is assigned.

24  XII.    MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

25  The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

26  Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court

27  upon a showing of good cause. Agreement of the parties by stipulation alone does not constitute

28  /////

1  good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does

2  not constitute good cause.

3         As noted, the assigned magistrate judge is authorized to modify only the discovery

4  dates shown above to the extent any such modification does not impact the balance of the

5  schedule of the case.

6  XIII.   OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

7         This Status Order will become final without further order of the court unless

8  objections are filed within fourteen (14) *calendar* days of service of this Order.

9         IT IS SO ORDERED.

10  DATED:  May 15, 2017.

11

12  _____
    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28